WILLIAM G. WELD ET AL. *v.* ALICE PACK MELLY
(5079)

DUPONT, C. J., NORCOTT and FOTI, Js.

Argued May 31—decision released October 4, 1988

*W. James Cousins,* with whom, on the brief, was *Thomas G. Wolff,* for the appellants-appellees (plaintiffs).

*James R. Fogarty,* with whom, on the brief, were *Joseph T. O'Connor* and *Andrew P. Nemiroff,* for the appellee-appellant (defendant).

FOTI, J. In this action for the reformation of a deed and purchase agreement and for the breach of deed warranties, the plaintiffs appeal from the judgment of the trial court. The plaintiffs claim that the court erred

(1) in finding that the plaintiff buyers and the defendant seller were not mutually mistaken as to the correct boundaries of a parcel of real property purchased by the plaintiffs, (2) in concluding that the defendant had not induced the plaintiffs' mistake as to the disputed boundaries through fraud or misrepresentation, and (3) in awarding only nominal damages for breach of deed warranties. In her cross appeal, the defendant claims that the court erred in finding that the defendant breached the deed warranties. In view of our decision on the appeal, there is no reason to address that claim. We find the court's ultimate conclusion that there was no mutual mistake unsupported by the court's subsidiary findings of fact.

On September 9, 1976, the defendant executed a warranty deed conveying 1.008 acres, known as 120 Zaccheus Mead Lane in Greenwich, to the plaintiffs. The parcel, which is improved by a single-family detached home, is bounded on the southwestern side by a stone wall and on the southern side by a public road. A driveway runs from the public road to the house.

The deed, which was duly recorded, gives notice that the parcel is subject to "restrictions, covenants, agreements and reservations set forth in the aforesaid deed of the Indian Spring Land Company." Approximately three years later, the Indian Spring Land Company (Indian Spring) served the plaintiffs with notice that a septic field, appurtenant to the house and installed by the defendant in 1968, was located on Indian Spring property. Indian Spring informed the plaintiffs that it intended to dispute any right of the plaintiffs to maintain the existing septic field on its land. Thereafter, the plaintiffs had a survey performed which disclosed that portions of what they believed to be their property were, in fact, the property of Indian Spring.[1]

---

[1] The plaintiffs subsequently brought an action against Indian Spring, which resulted in a stipulated judgment dated November 28, 1979. That

At trial, the parties offered conflicting evidence regarding representations made by the defendant to the plaintiffs during an inspection of the property prior to the sale. The plaintiffs testified that during this inspection of the property the defendant pointed to the stone wall as the southwestern boundary of the property, that she described the work, completed in 1968, which extended the septic field to the stone wall, and that she pointed to two large sections of the yard where the driveway meets the public road which she had improved by planting pachysandra and rhododendron and by installing Belgian blocks.

The plaintiffs also offered as exhibits certain photographs that showed that the parcel had been maintained to the stone wall and that the property on the far side of the wall remained in its natural state. The photographs also depicted the area on either side of the driveway improved by the plantings and Belgian blocks.

In contrast to the plaintiffs' testimony, the defendant claimed that she only pointed out one tree located fifty-seven feet from the house which is located on the property line. She also denied the accuracy of any affirmative representation made by her regarding the stone wall or the area improved by the plantings. The defendant did concede, however, on questioning by the court, that she was aware of where the septic field installed by her in 1968 had been located and that it was being installed on property which she believed to be her own. The court found that the plaintiffs had proven that the septic field was located on land which they

judgment established that the plaintiffs did not acquire the disputed land by adverse possession. The plaintiffs then commenced this action against the defendant seller seeking reformation of the purchase agreement and the deed and damages. In this action, the plaintiffs allege that the disputed land was never owned by the defendant, but that the defendant showed the plaintiffs the land and orally stated that she owned the land and intended to convey it to the plaintiffs.

believed they were purchasing, and that the defendant believed that she was selling that land. The court concluded, however, in its memorandum of decision that there was no mutual mistake of the parties. Since the court found that the seller and the buyers all believed that the land on which the septic tank was located was being sold to the plaintiffs, the court could not have concluded that there was no mutual mistake. Its ultimate conclusion constitutes reversible error. See *DeVita* v. *Esposito,* 13 Conn. App. 101, 110, 535 A.2d 364 (1987).

There is error, the judgment is set aside and the case is remanded for a new trial.

In this opinion the other judges concurred.