[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
The defendant, Dennis Shelto, moves to strike the plaintiff's complaint for the alleged failure to state a claim upon which relief can be granted and for the non joinder of a necessary party.
The Court finds that the plaintiff's complaint, which alleges fraud and deceit, is legally sufficient under First Charter National Bank v. Ross, 29 Conn. App. 667, 670-71
(1992); Regis v. Connecticut Real Estate Investors Balanced Fund, Inc., 28 Conn. App. 760, 768 (1992) and Kilduff v. Adams, Inc., 219 Conn. 314, 329 (1991).
Under Practice Book section 152(3), a party may challenge the legal sufficiency of a pleading because of the absence of a necessary party. Necessary parties are defined as: CT Page 5595
 `[p]ersons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. . . . [B]ut if their interests are separable from those of the parties before the court, so that the court can proceed to a decree, and do complete final justice, without affecting other persons not before the court, the latter are not indispensable parties.' [Citation omitted.] . . . .' In short, a party is `necessary' if its presence is `absolutely required in order to assure a fair and equitable trial.'
(Citation omitted.) Biro v. Hill, 214 Conn. 1, 5-6 (1990). The court finds that Chatelaine Jewelry, Inc. is not a necessary party.
Accordingly, the defendant's motion to strike the plaintiff's complaint is denied.
BY THE COURT,
William M. Shaughnessy Judge, Superior Court