[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, GF Mortgage Corp., has brought a complaint in foreclosure against the defendants, John C. and Beth Gilmore. With their answer, the defendants filed five special defenses alleging unconscionability of the terms of the note and mortgage, usury, negligent misrepresentation, breach of the implied covenant of good faith and fair dealing, and violation of CUTPA. The plaintiff filed a motion to strike all of the defendants' special defenses.
"The motion to strike . . . replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading. . . . If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) RK Constructors, Inc. v. Fusco Corp.,231 Conn. 381, 384, 650 A.2d 153 (1994). "In ruling on a motion CT Page 12550 to strike, the court is limited to the facts alleged in the [pleading]. The court must construe the facts in the [pleading] most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the [pleading]. . . ." S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340 (1993). "If facts provable in the [pleading] would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systemsv. BOC Group, Inc., supra, 224 Conn. 215. "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman,221 Conn. 465, 472-73, 604 A.2d 814 (1992).
The traditional defenses available in a foreclosure action are "payment, discharge, release, satisfaction or invalidity of a lien." See First Federal v. Kakaletris, 11 Conn. L. Rptr. 113
(February 23, 1994, Karazin, J.); Shawmut Bank v. Wolfley,9 CSCR 216 January 24, 1994, Dean, J.); Citicorp Mortgage, Inc. v.Kerzner, 8 Conn. L. Rptr. 229 January 15, 1993, Curran, J.). In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. See Lawall Realty, Ltd. v. Auwood, Superior Court, judicial district of New London at New London, Docket No. 527050 (March 1, 1994, Leuba, J.); First Federal v. Kakaletris,
supra; National Mortgage Co. v. McMahon, 9 CSCR 300 (February 18, 1994, Celotto, J.); Shawmut Bank v. Wolfley, supra; CiticorpMortgage, Inc. v. Kerzner, supra. Other defenses which have been recognized are usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration. SeeFleet Bank v. Barlas, 12 Conn. L. Rptr. 32 June 29, 1994, Aurigemma, J.); Donza v. Depamphilis, 9 CSCR 472 (April 7, 1994, Aurigemma, J.); Connecticut National Bank v. Montanari, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 517808 (January 26, 1994, Aurigemma, J.). CT Page 12551
While courts have recognized equitable defenses in foreclosure actions, they have generally only been considered proper when they "attack the making, validity or enforcement of the lien, rather than some act or procedure of the lienholder."Lawall Realty, Ltd. v. Auwood, supra; National Mortgage Co. v.McMahon, supra, 9 CSCR 300.
The plaintiff argues that the defendants have failed to allege a legally sufficient defense of unconscionability in their first special defense.
"The question of unconscionability is a matter of law to be decided by the court based on all the facts and circumstances of the case. . . . The purpose of the doctrine of unconscionability is to prevent oppression and unfair surprise. . . . [T]he basic test is whether, in the light of the general commercial needs of the particular trade or case, the clauses involved are so one-sided as to be unconscionable under the circumstances existing at the time of the making of the contract. . . . The determination of unconscionability is to be made on a case-by-case basis, taking into account all of the relevant facts and circumstances." (Citations omitted; internal quotation marks omitted.) CheshireMortgage Service, Inc. v. Montes, 223 Conn. 80, 87-89,612 A.2d 1130 (1992).
The defendants have alleged the terms and conditions of the loan documentation are unconscionable, while the plaintiff claims that as a matter of law these terms and conditions are not unconscionable. Such a determination is to be made on a case-by-case basis and by taking into account all of the relevant facts and circumstances and therefore, it is not properly made on a motion to strike. Furthermore, the facts alleged are sufficient to support a defense of unconscionability, and therefore, the motion to strike the defendants' first special defense is denied.
In regard to the second special defense of usury, the plaintiff contends that it is legally insufficient in that General Statutes § 37-9, the Connecticut usury statute, exempts this type of loan.
The plaintiff is correct that a "bona fide mortgage of real property for a sum in excess of five thousand dollars" is exempt from the usury statute; lamartino v. Avallone, 2 Conn. App. 119,124, 477 A.2d 124, cert. denied, 194 Conn. 802, 478 A.2d 1025
(1984); however, "usury is a defense in a deficiency judgment CT Page 12552 proceeding." Maresco v. DeMatteo, 6 Conn. App. 691, 696,506 A.2d 1096 (1986). In its prayer for relief the plaintiff seeks a deficiency judgment, and thus, usury may be a valid special defense in this action.
Furthermore, the defendants claim that the interest rate is governed by the Small Business Investment Act, 15 U.S.C. § 687. The plaintiff contends that federal usury laws are inapplicable to loans secured by real property, without providing any authority in support of this proposition. Nevertheless, the court need not address this issue as the usury special defense is legally sufficient as discussed above. Accordingly, the plaintiff's motion to strike the defendants' second special defense is denied.
In their third special defense, the defendants allege that the plaintiff agreed to forbear from foreclosure to allow the defendants time to sell or refinance, the defendants relied upon the agreement to their detriment, and therefore, the plaintiff should be estopped from foreclosure. The plaintiff maintains that an such agreement does not attack the making validity or enforcement of the note, but a later act of the mortgagee, and that the agreement is not in writing, and therefore, it is barred by the statute of frauds. The defendants acknowledge that the agreement was not in writing but contend that the actions of the plaintiff amount to negligent misrepresentation.
A special defense of negligent misrepresentation in a foreclosure action was implicitly recognized in Regis v.Connecticut Real Estate Investors, 28 Conn. App. 760, 769-70,613 A.2d 321, cert. denied, 224 Conn. 907, 615 A.2d 1048 (1992). Furthermore, the allegations are also sufficient to state a special defense of equitable estoppel, which was recognized inTradesmens National Bank of New Haven v. Minor, 122 Conn. 419,424, 190 A. 270 937). Accordingly, the plaintiff's motion to strike the defendants' third special defense is denied.
The plaintiff also moves to strike the defendants' fourth special defense, which alleges a breach of the duty of good faith and fair dealing. The plaintiff argues that the defendants have not alleged any public policy violation to support such a breach.
"The implied covenant of good faith and fair dealing is a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably CT Page 12553 intended. . . . It cannot be applied to achieve a result contrary to the clearly expressed terms of a contract unless those termsare possibly contrary to public policy. . . . Although a breach of the implied covenant of good faith and fair dealing has been recognized as a valid special defense to a foreclosure action under the guise of equitable principles . . . a defendant must plead sufficient facts to justify its application." (Citations omitted; emphasis added; internal quotation marks omitted.)Federal National Mortgage Association v. Wang, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 045363 January 23, 1995, Curran, S.T.R.).
The defendants have alleged that the terms of the loan documents are unconscionable and should those terms prove to be so, the plaintiff's actions in devising such an agreement may possibly violate public policy. Therefore, the defendants have sufficiently alleged a violation of the duty of good faith and fair dealing, and the plaintiff's motion to strike the defendants' fourth special defense is denied.
The plaintiff also alleges that the defendants' fifth special defense of a violation of the Connecticut Unfair Trade Practices Act (CUTPA) is legally insufficient as a special defense, and that the defendants have not alleged the elements of CUTPA.
CUTPA has been recognized as a valid defense in a foreclosure action. Hans L. Levi, Inc. v. Kovacs, 5 Conn. L. Rptr. 260
(November 4, 1991, Pickett, J.). Furthermore, the defendants have alleged unconscionability and negligent misrepresentation in support of their CUTPA claim. While the defendants have not explicitly alleged the elements of CUTPA, the defendants need only allege the facts necessary to support a defense in order to survive a motion to strike. "If facts provable in the [pleading] would support a cause of action, the motion to strike must be denied." Id. S.M.S. Textile v. Brown, Jacobson, Tillinghast,Lahan and King, P.C., 32 Conn. App. 786, 796, 631 A.2d 340
(1993). The facts alleged by the defendants in support of their defenses of unconscionability and negligent misrepresentation are also sufficient to establish the elements necessary for a CUTPA violation. Accordingly, the plaintiff's motion to strike the defendants' fifth special defense is denied.
D'ANDREA, J. CT Page 12554