[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Bank of Boston Connecticut, has filed a motion to strike the defendants Walter and Angela Schlichting's special defense, arguing that the special defense fails to allege the essential elements of fraud. However, the defendants have not characterized their special defense as fraud or any other CT Page 3998 specific defense. In the defense, the defendants allege that an agent of the plaintiff appraised the property in question "at an inflated price," that the plaintiff intended the defendants to rely on the appraisal, and that the defendants, to their detriment, relied on the appraisal in signing the mortgage note.
In ruling on a motion to strike, the court has an obligation to construe special defenses in the manner most favorable to sustaining their legal sufficiency. Connecticut National Bank v.Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992). "If facts provable under the allegations would support a defense . . . the motion to strike must be denied." RK Constructors Inc. v. FuscoCorp., 231 Conn. 381, 384, 650 A.2d 153 (1994).
The facts alleged by the defendants, if proven, could state a defense of negligent or innocent misrepresentation. The Supreme Court has held that an "innocent misrepresentation of fact may be actionable if the declarant has the means of knowing, ought to know, or has the duty of knowing the truth." Williams Ford. Inc.v. Hartford Courant Co., 232 Conn. 559, 575, 657 A.2d 212 (1995). "The elements of innocent misrepresentation are (1) a representation of material fact[,] (2) made for the purpose of inducing the purchase, (3) the representation is untrue . . . (4) there is justifiable reliance by the [party] . . . on the representation . . . and (5) damages." Frimberger v. Anzellotti,25 Conn. App. 401, 410, 594 A.2d 1029 (1991). A special defense of negligent misrepresentation may be asserted to a foreclosure action. See Regis v. Connecticut Real Estate Investors,28 Conn. App. 760, 769-70, 613 A.2d 321, cert. denied, 224 Conn. 907,615 A.2d 1049 (1992) (implicitly recognizing the defense in a foreclosure action); GF Mortgage Corp. v. Gilmore, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 144488 (November 6, 1995, D'Andrea, J.).
In the present action, the defendants have alleged that an appraisal made by the plaintiff's agent was "inflated." Taken in the light most favorable to the defendants, an inflated appraisal can be interpreted as an untrue representation of fact. Moreover, while the defendants do not allege that the plaintiff knew the appraisal was "inflated," the allegation that the appraisal was done by the plaintiff's agent adequately asserts that the plaintiff had the means and the duty to know the truth. In addition, the defendants state that the plaintiff intended to induce reliance on the appraisal, which reliance caused the defendants to purchase the property and sign a mortgage note "for CT Page 3999 an amount in excess of the true value of the property." These allegations go far beyond those in D'Ulisse-Cupo v. Board ofDirectors of Notre Dame High School, 202 Conn. 206, 217,520 A.2d 217 (1987), where the court upheld a cause of action for negligent misrepresentation when the plaintiff merely alleged that "[t]he defendants negligently misrepresented the facts to the plaintiff, causing her damages as pled." (Internal quotation marks omitted.) The defendants have stated a defense of negligent or innocent misrepresentation sufficiently to avoid a motion to strike.
The plaintiff also argues in its motion to strike that the defendants lack standing to allege any special defense to the foreclosure action. However, "[u]nder Connecticut law, a cause of action based on the tort of negligent misrepresentation brought by a determinate class of people is actionable whether or not the [pleading] specifically demonstrates a `third party relationship. '" Jacobson v. Environmental Risk Limited, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 550991 (March 4, 1996, Hennessey, J.). Moreover, in order to defeat a motion to strike, a party "need only show that the . . . [plaintiff] knew or should have known of the . . . [defendants'] reliance and that the . . . [defendants'] reliance was reasonable under the circumstances." Id., citing WilliamsFord, Inc. v. Hartford Courant Co., supra, 232 Conn. 575. Viewing the special defense most favorably to the defendants, the defendants have met that burden. As such, the plaintiff's motion to strike is denied.
Stodolink, J.