[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In 1991, Stephen and Cynthia Sebjan, obtained a mortgage from the Home Loan and Investment Bank, F.S.B. (Home Loan). By June, 1993, the Sebjans were behind on their obligation and requested that it provide them with the amount of arrearage so that they could become current on their mortgage. The amount quoted to the Sebjans was actually $5,566.11 more than their arrearage. The Sebjans paid the quoted amount to Home Loan, and in November, 1996, they refinanced their mortgage with Home Loan, executing a Promissory Note in the amount of $62,224, which was at least $5,566.11 more than what was, in fact, due and owing on their original mortgage.
On February 19, 1997, after the Sebjans questioned the amount of the original mortgage, Home Loan investigated and confirmed that they had indeed overpaid the original mortgage by $5,566.11. The Sebjans requested that this amount be refunded directly to them with costs and interest, but Home Loan refused and offered to apply $5,566.11 to the principal amount of the new mortgage, which they, in fact, did.
The Sebjans did not make their monthly mortgage payment on June 20, 1997, nor have they made any payments since. This failure to make payment rendered the loan in default, and they were notified of said default. Their debt was subsequently accelerated, in accordance with their loan documents, for failure to cure the default.
On or about October 28, 1997, Home Loan filed an action to foreclose that mortgage in the Danbury Superior Court. The Sebjans filed their amended answer, special defense, setoff and counterclaims on or about March 30, 1998, and on or about February 23, 2000, Home Loan filed a motion for summary judgment on the complaint and the counterclaims. In support of its complaint, Home Loan also filed an affidavit from its Loan Serving Officer averring that the Sebjans owe a principal balance of $56,302.90, having applied the principal reduction of $5,566.11, with additional interest due from May 29, 1997.
"Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any CT Page 8686 material fact and that the moving party is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doty v. Mucci,238 Conn. 800, 805 (1996). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Home Ins. Co. v.Aetna Life Casualty Co., 235 Conn. 185, 202 (1995). "The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted.) Haesche v. Kissner,229 Conn. 213, 217 (1994).
"The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citation omitted; internal quotation marks omitted; brackets in original.) Doty v. Mucci, supra, 805-06. When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." Heyman Associates No. 1 v.Ins. Co. of Pennsylvania, 231 Conn. 756, 795 (1995).
As required by § 11-10 of the Practice Book, Home Loan filed and served a memorandum of law and has complied with § 17-45 of the Practice Book by submitting documents in support of its motion for summary judgment. The Sebjans, now acting pro se, did not, however, comply with § 17-45 as they failed to file any affidavits, memoranda or other available documentary evidence in opposition to Home Loan's motion for summary judgment.
Section 17-45 clearly provides that "[t]he adverse party prior to the day the case is set down for short calendar shall file opposing affidavits and other available documentary evidence." The Sebjans' failure to comply with § 17-45 is not fatal to their argument. SeePepe v. New Britain, 203 Conn. 281, 287-88 (1987). Despite that failure, the motion will not automatically be granted by the court. It will look to the merits of the motion and, in order to prevail, Home Loan must meet its burden of proof.
The Sebjans assert, in their special defense, that Home Loan refused to refund the overpayment that the Sebjan's made on their original mortgage and, as such, that they were damaged in the loss of use of those funds since 1993. They would not have had to refinance their mortgage had Home Loan not overcharged them. They further argue that, because of the misrepresentation of Home Loan, they executed a new mortgage for at least $5,566.11 more than was necessary to pay their original debt. Home Loan CT Page 8687 argues that it credited this overpayment to the principal of the new mortgage and, therefore, it does not owe the Sebjans for their original overpayment. It further argues that an "overpayment" is not a defense to a foreclosure action.
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Grant v. Bassman, 221 Conn. 465,472-73 . . . (1992). "Connecticut has recognized the following defenses to an action for a foreclosure of a mortgage: usury, Bizzoco v. Chintz,193 Conn. 304, 309 . . . (1984); unconscionability of interest rate, Hammv. Taylor, 180 Conn. 491, 495 . . . (1980); duress or coercion and material alteration, Second New Haven Bank v. Quinn, 1 Conn. App. 78, 79
. . . (1983); payment, Connecticut Bank and Trust Company v. Dadi,182 Conn. 530, 532 . . . (1980); discharge, Guaranty Bank TrustCo. v. Darling, 4 Conn. App. 376, 380 . . . (1985); fraud in the factum, Heating Acceptance Co. v. Patterson,152 Conn. 467 (1965); and lack of consideration, Sonnichsenv. Streeter, 4 Conn. Cir. 659 (1967)." Citicorp Mortgage, Inc.v. Ribera, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 067722 (December 1, 1995, Pickett, J.).
Further, "[i]n recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident, fraud, equitable estoppel, CUTPA, laches, breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses . . . These special defenses have been recognized as valid special defenses where they were legally sufficient and addressed the making, validity or enforcement of the mortgage and/or note." (Internal quotation marks omitted.) Greenpoint Mortgage Corp. v. Ruisi, Superior Court, judicial district of Danbury at Danbury, Docket No. 333106 (June 1, 1999, Moraghan, J.).
Negligent misrepresentation has also been implicitly recognized as a special defense in a foreclosure action. See Regis v. Connecticut RealEstate Investors Balanced Fund, Inc., 28 Conn. App. 760, 769-70,613 A.2d 321, cert. denied, 224 Conn. 907, 615 A.2d 1049 (1992); FederalNational Mortgage Assn. v. Jessup, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 169417 (August 3, 1999, Hickey,J.); GF Mortgage Corp. v. Gilmore, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 144488 (November 6, 1995,D'Andrea, J.). Furthermore, Connecticut has long recognized that parties may be liable for negligent misrepresentation. See D'Ulisse-Cupo v. Boardof Directors of Notre Dame High School, 202 Conn. 206, 217 (1987); Regisv. Connecticut Real Estate Investors Balanced Fund, Inc., supra. Our Supreme Court has held that "even an innocent misrepresentation of fact CT Page 8688 `may be actionable if the declarant has the means of knowing, ought to know or has a duty of knowing the truth.'" Regis v. Connecticut RealEstate Investors Balanced Fund, Inc., supra, 770, quoting D'Ulisse-Cupov. Board of Directors of Notre Dame High School, supra, 17; see alsoFederal National Mortgage Assn. v. Jessup, supra.
The Sebjans allege, in their special defense, that because of Home Loans representations, they executed a new mortgage for at least $5,566.11 more than they owed on the previous mortgage and that they would not have had to refinance had Home Loan not overcharged them to begin with. These allegations, although falling only under the heading "Special Defenses," amount to a special defense of negligent or innocent misrepresentation. The exact label affixed to a pleading is not controlling. See Home Oil Co. v. Todd, 195 Conn. 333, 342 (1985);American Motorists Ins. Co. v. Weir, 132 Conn. 557, 560-61 (1946). "[T]he construction of a pleading is a question ultimately for the court. . . . When a case requires this court to determine the nature of a pleading filed by a party, we are not required to accept the label affixed to that pleading by the party." (Citations omitted.) Home Oil Co. v. Todd, supra, 340.
In the present case, Home Loan acknowledges that an overpayment existed and that it applied the overpayment to the principal of the new mortgage. This overpayment occurred, however, on the previous mortgage and not the one it was applied to. The problems associated with the overpayment of the first mortgage present material issues of fact as to their effect upon the refinancing and whether or not the Sebjans would have proceeded had they not been given incorrect figures by Home Loan. Accordingly, the motion for summary judgment on the complaint is denied.
The defendants' four count counterclaim alleges conversion of funds, negligent misrepresentation as to the original mortgage, negligent misrepresentation as to the refinanced mortgage, and a violation of the Connecticut Unfair Trade Practices Act (CUTPA). Home Loan moves for summary judgment on the conversion count arguing that the Sebjans have failed to provide any evidence in support of a conversion claim. In addition, Home Loan attacks each count of the counterclaim on the ground that they are all barred by the applicable statutes of limitations as each count centers around the alleged overpayment which the Sebjans claim occurred in 1993. Home Loan argues that the conversion count is barred by the three year statute of limitations pursuant to § 52-577 of the General Statutes, the misrepresentation count by a two year limitation pursuant to § 52-584, and the CUTPA count by a three year limitation pursuant to § 42-112g(f).
The court may grant summary judgment on statute of limitations grounds CT Page 8689 when the "material facts concerning the statute of limitations [are] not in dispute . . ."; Burns v. Hartford Hospital, 192 Conn. 451, 452 (1984); and "where the affidavits do not set forth circumstances which would serve to avoid or impede the normal application of the particular limitations period." Collum v. Chapin, 40 Conn. App. 449, 453 (1996). Each of the counts in the counterclaim is subject to a three year statute of limitations. See § 42a-110g(f) (providing three year statute of limitations for violation of CUTPA); General Statutes § 52-577
(providing three year statute of limitations for tort claims). "General Statutes § 52-577 provides in pertinent part: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of.' `All common law tort claims, including claims for fraud, negligent misrepresentation, and breach of fiduciary duty, are subject to a three-year statute of limitations, which runs from the date of the act or omission complained of.' In re Colonial Ltd. PartnershipLitigation, 854 F. Sup. 64, 90 (D. Conn. 1994)." Hoskins v. Titan ValueEquities Group, Superior Court, judicial district of New Haven at New Haven, Docket No. 373071 (April 8, 1999, Silbert, J.), aff'd on other grounds, 252 Conn. 789 (2000).
The defendants allege that they were damaged by Home Loan overcharging them in 1993, and that Home Loan continues in possession of their money despite demand for repayment. This four count counterclaim was not filed until March 30, 1998. Sections 52-577 and 42-110g(f) are occurrence statutes of limitation as opposed to accrual statutes; that is, the time period runs from the actual act or omission rather than from the date of injury. See, e.g., Fichera v. Mine Hill Corp., 207 Conn. 204, 212
(1988); S.M.S. Textile Mills, Inc. v. Brown, Jacobson, Tillinghast, Lahanand King, 32 Conn. App. 786, 790, cert. denied, 228 Conn. 903, 634 A.2d 340
(1993); Hill v. Schneider, Superior Court, judicial district of New London at New London, Docket No. 538386 (April 13, 1999, Mihalakos, J.).
Absent some exception, each count of the counterclaim is barred by §§ 52-577 and 42-110g(f). Ordinarily, ignorance of the fact of damage does not toll the running of the statute; see Kennedy v. Johns ManvilleCorp., 135 Conn. 176, 179-80 (1935); and the fact that injury has not yet occurred will not, in the absence of statutory or constitutional exception, toll the running of an occurrence statute. See Fichera v. MineHill Corp., supra, 212-13. In cases where a special relationship continued to exist after the alleged wrong, the continuing course of conduct doctrine may, however, toll the statute.
"[T]o support a finding of a continuing course of conduct that may toll the statute of limitations there must be evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto. That duty must not have terminated prior to commencement of the CT Page 8690 period allowed for bringing an action for such a wrong. . . . Where [our Supreme Court has] upheld a finding that a duty continued to exist after the cessation of the act or omission relied upon, there has been evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act." (Internal quotation marks omitted.) Sherwood v.Danbury Hospital, 252 Conn. 193, 203 (2000); Blanchette v. Barrett,229 Conn. 256, 275 (1994). "The continuing course of conduct doctrine reflects the policy that, during an ongoing relationship, lawsuits are premature because specific tortious acts or omissions may be difficult to identify and may yet be remedied." Blanchette v. Barrett, supra,229 Conn. 276; see Sanborn v. Greenwald, 39 Conn. App. 289, 295,664 A.2d 803, cert. denied, 235 Conn. 925, 666 A.2d 1186 (1995).
"[A] precondition for the operation of the continuing course of conduct doctrine is that the defendant must have committed an initial wrong upon the plaintiff." Sherwood v. Danbury Hospital, supra, 204. In the present case, the Sebjans claim that Home Loan overcharged them $5,566.11 on their initial mortgage. "A second requirement for the operation of the continuing course of conduct doctrine is that there must be evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto." (Internal quotation marks omitted.) Our Supreme Court "has held this requirement to be satisfied when there was wrongful conduct of a defendant related to the prior act." (Internal quotation marks omitted.) Sherwood v. Danbury Hospital, supra, 205. In the present case, Home Loan allegedly continued in possession of the 1993 overpayment and, in 1996, refinanced the Sebjans' mortgage without applying that overpayment, thereby refinancing a greater debt than was actually owed. After inquiry, Home Loan confirmed that an overpayment of the original mortgage had occurred and the amount refinanced was in excess of what was actually needed to pay off the original mortgage. Home Loan applied the overpayment of the original mortgage to the refinanced mortgage, over the objection of the Sebjans who wanted the money refunded to them along with costs and interest.
The court finds that these facts demonstrate a continuing course of conduct. Accordingly, each count of the Sebjans' counterclaim was brought within the applicable statutes of limitation. Hence, the motion for summary judgment on the ground that the counterclaim is barred by the statute of limitations, is denied.
Home Loan also moves for summary judgment on the Sebjans' conversion count on the ground that the Sebjans have failed to provide any evidence to support a claim for conversion. Home Loan argues that it was unaware of any overpayment by the Sebjans until sometime after the closing on the refinanced mortgage, and upon realization, it immediately credited the CT Page 8691 Sebjans' account. To reiterate, the Sebjans offer no memorandum, affidavit or other evidence in support of their claim. Home Loan must, however, meet its burden of proof.
"Conversion occurs when one, without authorization, assumes and exercises ownership over property belonging to another, to the exclusion of the owner's rights." (Internal quotation marks omitted.) WellingtonSystems, Inc. v. Redding Group, Inc., 49 Conn. App. 152, 169, 714 A.2d 21, cert. denied, 247 Conn. 905, 720 A.2d 516 (1998). "[C]onversion requires that the owner be harmed as a result of the unauthorized act. . . . Conversion may arise subsequent to an initial rightful possession. . . . Conversion can be distinguished from statutory theft as established by § 53a-119 in two ways. First, statutory theft requires an intent to deprive another of his property; second, conversion requires the owner to be harmed by a defendant's conduct. Therefore, statutory theft requires a plaintiff to prove the additional element of intent over and above what he or she must demonstrate to prove conversion." (Citations omitted; internal quotation marks omitted.) Suarez-Negrete v. Trotta,47 Conn. App. 517, 521 (1998).
To establish a prima facie case of conversion, one must demonstrate: (1) that the overpayment given to Home Loan actually belonged to the defendants; (2) that Home Loan deprived them of their funds for an indefinite period of time; (3) that Home Loan's conduct was unauthorized; and (4) that Home Loan's conduct harmed them. See Zanoniv. Hudon, 48 Conn. App. 32, 38-39, 708 A.2d 222, cert. denied,244 Conn. 928, 711 A.2d 730 (1998).
In the present case, the Sebjans allege that Home Loan misquoted to them the amount that was overdue on their previous mortgage. In reliance upon that figure, the Sebjans paid $5,566.11 more than was due to render them current on their mortgage. More than three years later, in November, 1996, the Sebjans refinanced their mortgage, thereby closing out and paying off the original mortgage. Several months later, pursuant to the questioning of the Sebjans, the bank discovered that the Sebjans had overpaid the original mortgage by $5,566.11. That amount was then applied to the new mortgage over the objection of the Sebjans who wanted Home Loan to refund that amount plus additional costs and interest directly to them. Home Loan argues that it is entitled to judgment as a matter of law because the Sebjans offer no evidence that Home Loan exercised ownership over the Sebjans' property as Home Loan immediately applied the overpayment directly to the principal of the new mortgage as soon as they became aware of it. Home Loan fails to recognize, however, that in the tort of conversion, intent and knowledge are not necessary elements. Whether or not Home Loan was aware of the overpayment, it may still be liable for conversion. CT Page 8692
The court holds that there exist issues of material fact as to the Sebjans' claim for conversion. Accordingly, the motion for summary judgment on this count is denied.
The motion for summary judgment as to the remaining counts, upon the ground that they are time barred due to the running of the statute of limitations, is, as discussed above, also denied.
Moraghan J.